**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **SHEILLA PETIT-JEAN** | **CASE NO. 6:26-CV-03299 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JOHN DOE ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**REASONS AND ORDER**

Presently before the Court is the Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Motion to Expedite Consideration of Petition [ECF No. 4] filed by Petitioner. Petitioner is a fifty-year-old citizen of Haiti.[1] An order of removal was entered against Petitioner on or about May 28, 2004.[2] Petitioner has resided continuously in Union, New Jersey since the year 2000.[3] On July 31, 2026, Petitioner was taken into physical custody.[4] In her Motion, Petitioner seeks the following relief: (1) that her removal from the United States be stayed; (2) that Defendants be prohibited from transferring Petitioner to a detention facility outside the Western District of Louisiana; (3) that the Defendants show cause why her Petition should not be granted; and (4) that Petitioner be released from custody.[5] The Court notes that with the exception of the request that Petitioner not be transferred outside the district, the other requests for relief are identical to the relief requested in the Petition.

---

[1] ECF No. 1, ¶ 1.
[2] *Id.*, at ¶ 48.
[3] *Id.*, at ¶ 49.
[4] *Id.*, at ¶ 62.
[5] ECF No. 4.

The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[6] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[7] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[8] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[9]

Here, to the extent Petitioner asks the Court to stay her removal and order her immediate release, she seeks the ultimate relief sought in her habeas petition, which is inappropriate in a motion for injunctive relief.[10] This issue is more appropriately addressed through the ordinary adjudication of the habeas petition. To the extent Petitioner asks the Court to enjoin her transfer or removal while her habeas petition remains pending, her allegations that these actions will occur before the Court can rule on her habeas petition are wholly speculative and insufficient to support injunctive relief.[11]

---

[6] *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)

[7] *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).

[8] *Canal Auth.*, 489 F.2d at 573.

[9] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).

[10] *See e.g. Torres Perez v. Warden of Prarieland Det. Ctr.*, No. 3:26-CV-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).

[11] *See, e.g.*, *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Hogan v. Salazar*, No. 19-

For the foregoing reasons,

IT IS ORDERED THAT the Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Motion to Expedite Consideration of Petition [ECF No. 4] is DENIED.

THUS DONE in Chambers on this 9th day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

CV-255, 2020 WL 13833090, at *3 (W.D. Tex. Feb. 24, 2020) ("Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief.").